UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | ) ) ) ) | |
| Plaintiff, | ) ) | 2:15-cv-01167-RCJ-CWH |
| vs. | ) ) ) | **ORDER** |
| JON L. JENTZ, | ) ) ) | |
| Defendant. | ) | |

This case arises out of a foreclosure sale by a homeowners association. Pending before the Court is a Motion to Dismiss (ECF No. 9). For the reasons given herein, the Court holds the motion in abeyance, with leave to amend.

**I.     FACTS AND PROCEDURAL HISTORY**

In 2005, non-party Ronald Olsen gave non-party National City Mortgage a promissory note for $144,400 (the "Note") to purchase real property at 111 Bass Drive, Unit C, Henderson, Nevada 89002 (the "Property"), secured by a deed of trust (the "DOT"). (Am. Compl. ¶¶ 7, 11, ECF No. 7). Olsen also obtained a second loan of $36,100, secured by a second position deed of trust. (*Id.* ¶ 12). On September 28, 2011, non-party Newport Cove Condominium Unit-Owners Association ("the HOA") recorded a Notice of Delinquent Assessment Lien with $1,475 due. (*Id.* ¶¶ 16–17). On February 7, 2012, the HOA recorded a Notice of Default and Election to Sell

Under Homeowners Association Lien with $4,444 due. (*Id.* ¶¶ 18–19). On October 31, 2012, the HOA recorded a Notice of Trustee's Sale, which stated that the total unpaid balance of the obligation secured by the property, including reasonable estimated costs, expenses, and advances, was $6,564. (*Id.* ¶¶ 20–21). On January 24, 2013, a Trustee's Deed Upon Sale was recorded, stating that Bass Dr. Trust ("Bass") had prevailed at an HOA lien foreclosure sale with a sales price of $9,500. (*Id.* ¶¶ 26–27). On March 4, 2013, non-party PNC Bank, N.A., successor in interest to National City Mortgage, assigned the DOT to Plaintiff Bank of New York Mellon Trust Company, N.A. ("BNY Mellon"). (*Id.* ¶ 13). BNY Mellon alleges that at the time of the HOA sale the amount outstanding on the first loan exceeded $138,000, and the fair market value of the Property exceeded $61,000. (*Id.* ¶¶ 37–38).

BNY Mellon argues its due process rights were violated by defects in the notices related to the HOA sale and, thus, the sale is invalid and could not have extinguished BNY Mellon's secured interest in the Property. (*Id.* ¶¶ 22–31). It also argues the sale was commercially unreasonable. (*Id.* ¶¶ 32, 40–44). BNY Mellon originally sued both Bass and Jon L. Jentz, trustee for Bass, in this Court. (*See* Compl., ECF No. 1). In its Amended Complaint, BNY Mellon omitted Bass as a defendant, leaving Jon L. Jentz as the only remaining defendant.

BNY Mellon brings the following claims against Defendant: (1) quiet title; (2) a declaration that the HOA sale did not extinguish BNY Mellon's rights and interest in the Property or, alternatively, that the sale is invalid and conveyed no legitimate interest to Bass; and (3) Nevada's HOA foreclosure statutes violate the Due Process Clauses of the Nevada and U.S. Constitutions; thus, the HOA sale is invalid, conveyed no legitimate interest to the HOA and Bass, and did not extinguish BNY Mellon's DOT. Defendant asks the Court to join the HOA as a defendant or, in the alternative, to dismiss the case because the HOA is an indispensable party.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 19 governs whether an absent party must be joined. It requires a court to engage in "three successive inquiries." *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, the court must determine whether the person or party to be joined is "necessary." *Id.* Rule 19(a) provides a two-prong inquiry for determining whether a party is necessary. *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014). A party is necessary if (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

"If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Peabody W. Coal Co.*, 400 F.3d at 779. Under Rule 19(a), joinder is not feasible in three circumstances: "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Id.*; *see also* Fed. R. Civ. P. 19(a).

Third, if joinder is not feasible, "the court must determine . . . whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Peabody W. Coal Co.*, 400 F.3d at 779. Although an absent party may be deemed "necessary" under Rule 19(a), that party may not necessarily be "indispensable" under Rule 19(b). A "necessary" absentee refers to a person "whose joinder in the action is *desirable*," but without whom the case may potentially proceed. *See id.* ("If understood in its

ordinary sense, 'necessary' is too strong a word, for it is still possible under Rule 19(b) for the case to proceed without joinder of the so-called 'necessary' absentee.").

As stated, however, if the "necessary" absentee is also an "indispensable" absentee under Rule 19(b), the case cannot proceed without joining that party and it should be dismissed. *Id.*

> Indispensable parties under Rule 19(b) are "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

*Id.* (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)). Rule 19(b) lists four factors for the court to consider when determining whether a party is "indispensable." These factors include

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

### III.    ANALYSIS

Defendant argues the HOA is a necessary party to this case because the Court cannot accord complete relief among the existing parties if it chooses not to join the HOA. The Court agrees. Plaintiff seeks as a remedy a declaration that the DOT survived the HOA foreclosure sale and that, accordingly, the sale did not extinguish Plaintiff's rights and interest in the Property. (Am. Compl. ¶¶ 55–56, 64–65). Granting this remedy alone would not make the HOA a necessary party because the Court can provide complete relief to the existing parties by quieting title in favor of Plaintiff. Simply quieting title would not affect the HOA's interests because the HOA sale would remain valid, and the HOA would retain the proceeds of the sale.

However, Plaintiff seeks an alternative remedy—a declaration that the HOA foreclosure sale is invalid because it violated Plaintiff's due process rights and was commercially unreasonable. (*Id.* ¶¶ 31–33, 44, 66, 73). This proposed remedy implicates the HOA's interests in the Property because by granting this alternative relief ownership of the Property would revert to Ronald Olsen, Bass would recover the consideration it gave the HOA for the property, and the HOA's lien against the Property would be restored. *See Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-CV-01287, 2015 WL 7069298, at *3–4 (D. Nev. Nov. 12, 2015) (rejecting a motion to dismiss a quiet title claim against an HOA because the plaintiff sought a declaration that the HOA foreclosure sale was void ab initio).

Because the HOA would regain an interest in the Property if the Court declares the HOA sale to be invalid, the HOA is a necessary party to this action. Granting Plaintiff's request for relief in the HOA's absence could impair or impede the HOA's ability to protect its interests. In addition, the parties may need to pursue separate litigation to further settle their rights and interests related to the Property. *See U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-CV-00302, 2015 WL 8780157, at *1-2 (D. Nev. Dec. 15, 2015) (rejecting an HOA's request for dismissal from a foreclosure case because the HOA was a necessary party due to the plaintiff's challenge of the sale's validity).

The Court finds that based on the pleadings the HOA is a necessary party to the case under Federal Rule of Civil Procedure 19(a), and that it is feasible to order that the HOA be joined. However, BNY Mellon informs the Court in its response to the motion that "this action does not challenge the HOA Sale itself," (Resp. 3, ECF No. 11), even though the Amended Complaint repeatedly asserts that the HOA foreclosure sale is invalid and requests relief on that basis (*see* Am. Compl. ¶¶ 31–32, 44, 66, 73). Plaintiff cannot have it both ways. It either

challenges the sale's validity or it does not. If Plaintiff is abandoning its claim that the sale is invalid, as Defendant argues it is, (*see* Reply, 3, ECF No. 12), then Plaintiff must amend its pleadings to reflect that change. By filing a second amended complaint, Plaintiff would narrow the issues for future motions and for trial, which would help preserve the resources of the Court and the parties.

Accordingly, the Court will hold in abeyance Defendant's motion to dismiss and grant BNY Mellon leave to amend its complaint within fourteen days. If BNY Mellon fails to amend its pleadings, striking any claim that the HOA foreclosure sale is invalid, then the Court will grant Defendant's request to join the HOA as a necessary party.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is HELD IN ABEYANCE pending Plaintiff's filing an amended complaint within fourteen days of the date of this Order.

IT IS SO ORDERED.

DATED: This 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge