UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | )<br>)<br>) |
| Plaintiff, | ) 2:15-cv-01167-RCJ-CWH |
| vs. | ) **ORDER** |
| JON L. JENTZ et al., | ) |
| Defendants. | ) |

This case arises out of a foreclosure sale by a homeowners association. Pending before the Court is a Motion to Dismiss (ECF No. 29). For the reasons given herein, the Court grants the motion in part and denies it in part.

I.   **FACTS AND PROCEDURAL HISTORY**

In 2005, non-party Ronald Olsen gave non-party National City Mortgage a promissory note for $144,400 (the "Note") to purchase real property at 111 Bass Drive, Unit C, Henderson, Nevada 89002 (the "Property"), secured by a deed of trust (the "DOT"). (2nd Am. Compl. ¶¶ 8, 12, ECF No. 17). Olsen also obtained a second loan of $36,100, secured by a second position deed of trust. (*Id.* ¶ 13). On September 28, 2011, Defendant Newport Cove Condominium Unit-Owners Association ("the HOA") recorded a Notice of Delinquent Assessment Lien with $1,475 due. (*Id.* ¶¶ 17–18). On February 7, 2012, the HOA recorded a Notice of Default and Election to

1 Sell Under Homeowners Association Lien with $4,444 due. (*Id.* ¶¶ 19–20). On October 31, 2012, the HOA recorded a Notice of Trustee's Sale, which stated that the total unpaid balance of the obligation secured by the property, including reasonable estimated costs, expenses, and advances, was $6,564. (*Id.* ¶¶ 21–22). On January 24, 2013, a Trustee's Deed Upon Sale was recorded, stating that Bass Dr. Trust ("Bass") had prevailed at an HOA lien foreclosure sale with a sales price of $9,500. (*Id.* ¶¶ 27–28). On March 4, 2013, non-party PNC Bank, N.A., successor in interest to National City Mortgage, assigned the DOT to Plaintiff Bank of New York Mellon Trust Company, N.A. ("BNY Mellon"). (*Id.* ¶ 14). BNY Mellon alleges that at the time of the HOA sale the amount outstanding on the first loan exceeded $138,000, and the fair market value of the Property exceeded $61,000. (*Id.* ¶¶ 38–39).

BNY Mellon argues that its due process rights were violated by defects in the notices related to the HOA sale and, thus, the sale is invalid and could not have extinguished BNY Mellon's secured interest in the Property. (*Id.* ¶¶ 23–32). It also argues that the sale was commercially unreasonable. (*Id.* ¶¶ 33, 41–45). BNY Mellon originally sued both Bass and Defendant Jon L. Jentz, trustee for Bass, in this Court. (*See* Compl., ECF No. 1). In its Amended Complaint, BNY Mellon omitted Bass as a defendant, leaving Jentz as the only remaining Defendant. (*See* Am. Compl., ECF No. 7). On November 23, 2015, Jentz filed a motion to dismiss, arguing that the HOA is a necessary party to the case. The Court agreed and held the motion to dismiss in abeyance, giving Plaintiff an opportunity to amend its complaint by striking any claim that the HOA foreclosure sale is invalid; otherwise, the Court would join the HOA as a defendant. (*See* Order, ECF No. 16). Plaintiff responded by filing a Second Amended Complaint ("SAC") that added the HOA as a defendant. (*See* SAC, ECF No. 17).

BNY Mellon brings the following claims against Defendants: (1) quiet title; (2) a declaration that the HOA sale did not extinguish BNY Mellon's rights and interest in the Property or, alternatively, that the sale is invalid and conveyed no legitimate interest to Bass; and (3) Nevada's HOA foreclosure statute violates the Due Process Clauses of the Nevada and U.S. Constitutions. The HOA moves the Court to dismiss the SAC. Jentz joined the HOA's motion to dismiss, (*see* ECF No. 32), but because Jentz has already filed an Answer to the SAC, (*see* ECF No. 18), the Court must treat his motion as a motion for judgment on the pleadings. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly*-*Iqbal* review).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. . . . [T]he motions are functionally identical . . . .").

A defendant may challenge the court's subject-matter jurisdiction over a case or certain claims pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of proving that the case is properly in federal court. *Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1198 (D. Nev. 2009) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)). A challenge to subject-matter jurisdiction may be either facial or factual. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A facial challenge asserts that the allegations contained in the complaint "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

1039 (9th Cir. 2004). To determine whether the facts are sufficient to establish subject-matter jurisdiction, the court must "consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff." *Nevada ex rel. Colo. River Comm'n of Nev. v. Pioneer Cos.*, 245 F. Supp. 2d 1120, 1124 (D. Nev. 2003) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)).

**III.    ANALYSIS**

    **A.    Statute of Limitations**

The HOA argues that Plaintiff's claims are barred by the statute of limitations. It argues that the claims are "action[s] upon a liability created by statute," which have a limitations period of three years. Nev. Rev. Stat. § 11.190(3)(a). Ultimately, the purpose of Plaintiff's claims is to quiet title to the Property. Plaintiff asks the Court to declare that the foreclosure sale did not extinguish its deed of trust and that its deed of trust is superior to any other interest in the property. It challenges the validity of Nevada's foreclosure statute for the same purposes.[1]

In Nevada, the statute of limitations for quiet title claims is five years. *See* Nev. Rev. Stat. §§ 11.070, 11.080. On January 24, 2013, a Trustee's Deed Upon Sale was recorded, stating that Bass had prevailed at an HOA lien foreclosure sale. Plaintiff filed its claims against Jentz on October 19, 2015 and against the HOA on February 22, 2016. Five years did not pass from the date the actions giving rise to the claims occurred and the date when Plaintiff filed its claims. Plaintiff's claims related to quieting title are not barred by the statute of limitations.

The SAC also briefly claims that Defendants violated NRS 116.1113, which states that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." This claim is based "upon a liability created by statute," Nev. Rev.

---

[1] Also, this claim is clearly not based upon a liability created by statute; it challenges the validity of the statute itself.

Stat. § 11.190(3)(a); thus, the three year statute of limitations applies. This claim appears to apply only to the HOA, and more than three years passed from the date of the foreclosure sale to the addition of the HOA as a defendant. As a result, Plaintiff's claim of breach of the duty of good faith against the HOA is time-barred. A claim against Jentz would not be time-barred, but even if Plaintiff alleges that Jentz was a party to the CC&Rs, the Complaint does not identify any provision of the CC&Rs that Defendants allegedly violated. Thus, the Court would dismiss the claim against Jentz as insufficiently pleaded.

### B. Failure to Mediate

The HOA argues that the case must be dismissed because Plaintiff failed to mediate its claims under NRS 38.310. The statute states the following:

> No civil action based upon a claim relating to . . . [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association . . . may be commenced in any court in [Nevada] unless the action has been submitted to mediation . . . [.] A court shall dismiss any civil action which is commenced in violation of [this provision].

Nev. Rev. Stat. § 38.310.

The HOA argues that Plaintiff's claims implicate provisions of the CC&Rs governing liens and priority of liens over first security interests because the HOA acted pursuant to its authority under the CC&Rs when it foreclosed on the Property. Plaintiff argues that its claims do not require the interpretation, application, or enforcement of the CC&Rs. Instead, they argue, their claims require the Court to determine whether the HOA complied with Nevada law when it conducted the HOA sale.

The statutory scheme embodied in NRS 38.310 generally does not require beneficiaries of deeds of trust to mediate claims, such as the ones presently before the Court, prior to filing a lawsuit. The statute clearly applies to homeowners who are in disagreement with their HOAs

regarding the interpretation and effect of applicable CC&Rs. *See Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 900 (Nev. 2008). And there is no indication from the text of the statute that it should be applied beyond this scope. A possible exception, however, when NRS 38.310 might be applicable to a party such as Plaintiff is when the beneficiary is standing in the shoes of the homeowner after foreclosure, but that is not the posture of this case.[2]

Moreover, a plaintiff must submit its claims to mediation or some other approved program pursuant to NRS 38.310 only if the cause of action actually falls within the statute's coverage. The term "civil action" as used in the statute explicitly excludes "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." Nev. Rev. Stat. § 38.300(3). And the Nevada Supreme Court has held that causes of action to quiet title are exempt from NRS 38.310 because such a claim requires the court to determine who holds superior title to a particular parcel of land. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).

This case ultimately seeks to quiet title to the Property. Plaintiff is pursuing the various claims contained in the SAC for the purpose of determining who the lawful owner is of the home at issue. Accordingly, the statute does not require that Plaintiff pursue mediation or its equivalent before the instant case may go forward. *See id.* at 558 ("An action is exempt from the NRS 38.310 requirements if the action relates to an individual's right to possess and use his or her property."). This case is not based upon an interpretation of the HOA's CC&Rs, and any interpretation thereof required to resolve the dispute between Plaintiff and Defendants is ancillary to the issue of paramount concern: was Plaintiff's deed of trust extinguished by the

---

[2] If Plaintiff is attempting to claim that Defendant Jentz violated NRS 116.1113, then Plaintiff would need to show it attempted to mediate the claim before filing suit, assuming it cures the deficiencies in the claim as described above.

HOA's foreclosure sale. For this reason, the Court finds that NRS 38.310 does not apply in this case.

### C.     Due Process

The HOA asks the Court to dismiss Plaintiff's claim that Nevada's foreclosure statute violates the Due Process Clauses of the Nevada and U.S. Constitutions. This Court, like other courts in the District, had previously rejected Fourteenth Amendment due process claims in the present context. *See U.S. Bank, N.A. v. SFR Investments Pool 1, LLC*, 124 F. Supp. 3d 1063, 1075–81 (D. Nev. 2015). In summary, although due process is required for state foreclosures, *see Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798–99 (1983), non-judicial foreclosures in Nevada (under Chapter 107, anyway) do not involve state action sufficient to implicate the Due Process Clause of the Fourteenth Amendment absent direct state involvement in the foreclosure sale itself, *Charmicor v. Deanor*, 572 F.2d 694, 695–96 (9th Cir. 1978). Nor does the rule of *Shelley v. Kraemer*, 334 U.S. 1 (1948) apply to Plaintiff's own claims under the Due Process Clause of the Fifth Amendment, because Plaintiff seeks to invoke the power of the Court, not any Defendant. *See US Bank, N.A.*, 124 F. Supp. 3d at 1076–78. The Court of Appeals has recently ruled, however, that the pre-2015 statutory notice procedures for HOA foreclosures under Chapter 116 are facially unconstitutional under the Due Process Clause of the Fourteenth Amendment, finding that the Nevada Legislature's enactment of the relevant statutes sufficiently implicates state action without additional state involvement in a foreclosure sale itself. *See generally Bourne Valley Ct. Trust v. Wells Fargo Bank, N.A.*, No. 15-15233, 2016 WL 4254983 (9th Cir. 2016). Unless and until that ruling is vacated or reversed, pre-2015 HOA foreclosures under Chapter 116 cannot be found to have extinguished first deeds of trust in Nevada.  The Court therefore cannot dismiss the due process aspect of the quiet title claim.

### D.     Commercial Unreasonableness

As part of its quiet title claim, Plaintiff argues that the HOA foreclosure sale was commercially unreasonable because the sales price was well below the fair market value of the Property. The HOA asks the Court to dismiss Plaintiff's argument that the sale was commercially unreasonable.

> In addition to giving reasonable notice, a secured party must, after default, proceed in a commercially reasonable manner to dispose of collateral. Every aspect of the disposition, including the method, manner, time, place, and terms, must be commercially reasonable. Although the price obtained at the sale is not the sole determinative factor, nevertheless, it is one of the relevant factors in determining whether the sale was commercially reasonable. A wide discrepancy between the sale price and the value of the collateral compels close scrutiny into the commercial reasonableness of the sale.

*Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev. 1977) (citations omitted). Additionally, the Nevada Supreme Court has ruled that an association's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is a "grossly inadequate" sales price and "fraud, unfairness, or oppression." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 132 Nev. Adv. Op. 5, 366 P.3d 1105, 1109–12 (2016). The *Shadow Wood* rule is concerned with the treatment of junior lienors in particular, whereas the *Levers* rule is concerned with the circumstances of the sale generally. Under *Shadow Wood*, "gross inadequacy" in price plus "fraud, unfairness, or oppression" to the junior lienor are two elements of a conjunctive test. By contrast, under *Levers* a discrepancy between the sale price and the value of the collateral is only one factor in a totality-of-the-circumstances-type test, although a "wide" discrepancy triggers closer scrutiny of the reasonableness of other aspects of the sale.

Under the facts of the case as pleaded, BNY Mellon's claim for a declaratory judgment that the sale was commercially unreasonable survives a motion to dismiss. Whether the sale

here was commercially unreasonable is a factual matter for summary judgment or trial. The Court will not rule purely on the (albeit undisputed) "wide discrepancy between the sale price and the value of the collateral" because the Court (or a jury) must consider any competent evidence proffered as to the other factors. There could be some factual circumstance accounting for the extremely low sale price that alleviates the concerns of commercial unreasonableness created thereby. No evidence currently before the Court would allow the Court to transform the present motion into one for summary judgment.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 9) is DENIED as moot.

IT IS SO ORDERED.

Dated this 24th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge