**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> JON L. JENTZ et al., <br><br> Defendants. | 2:15-cv-01167-RCJ-CWH <br><br> **ORDER** |

This case arises from the foreclosure of a residential property pursuant to a homeowners association lien. Now pending before the Court are two Motions for Summary Judgment, one offensive, (ECF No. 58), and one defensive, (ECF No. 59). For the reasons given herein, the Court grants summary judgment in favor of Plaintiff Bank of New York Mellon ("BNYM").

## I. FACTS AND PROCEDURAL BACKGROUND

In 2005, non-party Ronald Olsen gave non-party National City Mortgage a promissory note for $144,400 to purchase real property at 111 Bass Drive, Unit C, Henderson, Nevada 89002 (the "Property"), secured by a deed of trust (the "DOT"). (Second Am. Compl. ¶¶ 8, 12, ECF No. 17.) Olsen also obtained a second loan of $36,100, secured by a second position deed of trust. (*Id.* at ¶ 13.) On September 28, 2011, Defendant Newport Cove Condominium Unit-Owners Association ("the HOA") recorded a Notice of Delinquent Assessment Lien with $1,475 due. (*Id.* at ¶¶ 17–18.) On February 7, 2012, the HOA recorded a Notice of Default and Election

to Sell Under Homeowners Association Lien with $4,444 due. (*Id.* at ¶¶ 19–20.) On October 31, 2012, the HOA recorded a Notice of Trustee's Sale, which stated that the total unpaid balance of the obligation secured by the property, including reasonable estimated costs, expenses, and advances, was $6,564. (*Id.* at ¶¶ 21–22.) On January 24, 2013, a Trustee's Deed Upon Sale was recorded, stating that Bass Dr. Trust ("Bass") had prevailed at an HOA foreclosure sale, paying $9,500 for the Property. (*Id.* at ¶¶ 27–28.) On March 4, 2013, non-party PNC Bank, N.A., successor-in-interest to National City Mortgage, assigned the DOT to Plaintiff BNYM. (*Id.* at ¶ 14.) BNYM alleges that at the time of the HOA sale the amount outstanding on the first loan exceeded $138,000, and the fair market value of the Property exceeded $61,000. (*Id.* at ¶¶ 38–39.)

BNYM brought the following claims against Defendants: (1) quiet title; (2) declaratory judgment that the HOA sale did not extinguish BNYM's rights and interest in the Property or, alternatively, that the sale is invalid and conveyed no legitimate interest to Bass; and (3) Nevada's HOA foreclosure statute violates the Due Process Clauses of the Nevada and U.S. Constitutions. On May 13, 2016, the HOA filed a motion to dismiss the Second Amended Complaint, which the Court denied. (*See* Order, ECF No. 39.) BNYM and the HOA now both move for summary judgment. (Mots. Summ. J., ECF Nos. 58, 59.)

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

Plaintiff BNYM moves for summary judgment solely on the basis of *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). This Court has ruled that because *Bourne Valley* struck down the notice scheme as facially unconstitutional, actual or reasonable notice is inapposite. *See Bank of N.Y. Mellon v. Ravenstar Invs., LLC*, No. 3:17–cv–116, 2017 WL 2588088, at *3–4 (D. Nev. June 14, 2017) (Jones, J.). The Court will therefore quiet title in favor of BNYM under *Bourne Valley*.

Contrary to Bass's arguments in response to BNYM's motion, no decision of the Nevada Supreme Court relieves this Court of its obligation to follow *Bourne Valley*. It is true that the Nevada Supreme Court has held that the non-judicial foreclosure scheme of NRS Chapter 116 does not implicate state action under the Due Process Clauses of the United States and Nevada Constitutions. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a*

*Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) However, the Nevada Supreme Court's opinion is not binding on this Court with respect to the statute's constitutionality under the U.S. Constitution; on that question, the Court must adhere to Ninth Circuit precedent. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the United States Constitution is not binding on federal courts). Also, the Court disagrees with Bass's conclusion that "the Nevada Supreme Court very specifically stated that the statute requires notice to secured lenders." (Resp. 15, ECF No. 62 (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 417 (Nev. 2014).) This Court has already interpreted the *SFR* decision to mean that NRS 107.090 did not require notice to the deed of trust holder in a Chapter 116 sale at the relevant time. *See U.S. Bank., N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1078–80 (D. Nev. 2015) (Jones, J.) (examining *SFR Invs. Pool 1*, 334 P.3d at 411)). Prior to the 2015 amendments to NRS Chapter 116, notice to a lienor of record required the lienor to have notified the HOA of the interest before the recordation of the NOD or mailing of the NOS. It is this "opt-in notice scheme" that led the Ninth Circuit to declare the statute facially unconstitutional.

The Court also rejects Bass's contention that BNYM lacks standing to challenge the effect of the HOA foreclosure sale. A quiet title action is simply a request for a court to declare the rights of the parties as to the title to a piece of real estate. *See Kress v. Corey*, 189 P.2d 352, 364 (Nev. 1948). In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation

marks and citations omitted). Therefore, any person with a claimed interest in a property may bring a quiet title action to obtain a declaration that his title is superior to that of other interest holders, and may prove his claim by any valid legal theory. The fact that Plaintiff did not own an interest in the Property at the time of the foreclosure sale is not dispositive in determining the validity and priority of the interest Plaintiff presently claims. *See Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-cv-01287, 2017 WL 4288694, at *2 (D. Nev. Sept. 27, 2017) (Jones, J.). Indeed, because the foreclosure sale did not extinguish the DOT in this case, the title Plaintiff acquired subsequent to the sale was and is superior to that of other interest holders.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 58) is GRANTED.

IT IS FURTHER ORDERED that the HOA's Motion for Summary Judgment (ECF No. 59) is DENIED.

Plaintiff shall submit a proposed form of judgment with fourteen days of this order.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

Dated: November 3, 2017.